Kinsey, C. J.
The defendants are sued as partners. The partnership transactions therefore ean alone be inquired into. It would be highly improper, and a surprise upon the plaintiff, to allow the separate demands of the partners to be set off against their joint debt. Evidence rejected. See Bull, N. P. 180 ; 10 Ves., Jr., 105 ; 1 Binn. 64, Crammond v. *3 Bank of U. S.; 1 Wash. 79, Scott v. Trent; 1 Hen. and Munf., 176, Armistead v. Administrators of Butler.
Leake then moved for a nonsuit, oil the ground that there was no evidence to prove that Brackenridge was a party to the contract with Bowne, or that he had ever employed him. The, case of Harris v. Butterly, Cowp. 483, was cited to prove that, in an action for a joint trespass, the plaintiff will not be permitted to give evidence of any other.
Per Cur.
There is some evidence from which the jury may infer that Bowne was employed by defendants jointly. It would seem they held a joint lease of Andover Iron Works, where Bowne had worked ; that the service was performed for their joint benefit, and although the evidence proves Thompson alone actually contracted with Bowne, yet it also proves that Brackenridge, who resided personally at There is some evidence from which the jury may infer that Bowne was employed by defendants jointly. It would seem they held a joint lease of Andover Iron Works, where Bowne had worked ; that the service was performed for their joint benefit, and although the evidence proves Thompson alone actually contracted with Bowne, yet it also proves that Brackenridge, who resided personally at [3] the works, and must have had knowledge of his being employed in the general service of the partnership, at least acquiesced in the arrangement made with him. This is sufficient evidence to go to the jury; it is with them to decide whether it be conclusive to charge Brackenridge. A non-suit should be granted only in a clear case.
Motion refused.